# DEPARTMENT OF INSURANCE AND TREASURER v MCCARTHY

## Case No. 86-0668F

State of Florida, Division of Administrative Hearings

May 15, 1986

### APPEARANCES OF COUNSEL

**William W. Tharpe, Jr.** for petitioner.
**Paul Watson Lambert** for respondent.

### OPINION

ARNOLD H. POLLOCK, Hearing Officer.

### *ORDER*

On March 15, 1984, an administrative hearing was held in the above case under Section 120.57(1), Florida Statutes, regarding the propriety

of Petitioner's revocation of Respondent's certificate as a fire safety inspector in Florida. Subsequent to the hearing, the Hearing Officer entered a Recommended Order sustaining the revocation, the Petitioner entered a Final Order adopted the Recommended Order, and Respondent appealed. In an opinion filed on October 11, 1985, the District Court of Appeal, Second District (Court), reversed the agency's Final Order. By Order of same date, the Court also granted Respondent's motion for attorneys' fees and remanded the matter to the Division of Administrative Hearings for determination of the amount.

In his Filing In Support of Determination of Amount of Attorney's Fees and Costs, Respondent requests an award of $10,279.29 for attorneys' fees and costs. In support of this amount, Respondent attached to his filing, affidavits from several attorneys experienced in this type of litigation. Also attached to the filing are the affidavits by Respondent's current counsel as to the hours and fees/costs relating to appellate action and a letter of agreement as well as a statement from Respondent's prior counsel for the services provided up to and including the original hearing.

A hearing was held in the above matter before Arnold H. Pollock, a Hearing Officer with the Division of Administrative Hearings, in Tallahassee, Florida on May 7, 1986. At the hearing, Petitioner was represented by William W. Tharpe, Jr., Esquire, 413B Larson Building, Tallahassee, Florida 32301, and Respondent was represent by Paul Watson Lambert, Esquire, 225 South Adams Street, Suite 250, Post Office Box 11189, Tallahassee, Florida 32302. No evidence was introduced by either party other than that attached to the pleadings which was incorporated into the hearing process.

## FINDINGS OF FACT

1. Petitioner and Respondent agree that Respondent is entitled to attorneys' fees and costs incurred for the period extending from the filing of the Respondent's notice of appeal to the filing of his appellate brief. The appropriate amount involved is:

$3,232.50—for attorneys' fees

*431.60*—for costs

$3,664.10—TOTAL

2. Petitioner and Respondent agree that Respondent is entitled to attorneys' fees and costs incurred for the period extending from the filing of the appellate brief to the end of appeal. The appropriate amount involved is:

170

$1,950.00—for attorneys' fees
  *333.94*—for costs

$2,283.94—TOTAL

3. The total amount to which Respondent is entitled for attorneys' fees and costs relating to his appeal of the agency's Final Order is $5,948.04.

4. Respondent's counsel at the administrative hearings, Steven E. Kastner, on April 15, 1984, submitted a statement in which he itemized 57.75 hours of service to Respondent on his case from initial consultation on September 2, 1983 through a posthearing memorandum of law submitted on April 3, 1984. The statement reflects an hourly rate of $475.00 which, when multiplied by the number of hours expended, results in a basic amount due of $4,331.25. However, Respondent had already paid $2,400.00 which would result in a net due of $1,931.25 were it not for a letter of equal date from Mr. Kastner which acknowledges the negotiated fee rate of $60.00. Consequently, the real net amount due is $1,065.00 and this figured, added to the $2,400.00 already paid in, result in a total fee to hearing and memo of $3,465.00.

5. Petitioner does not challenge the $460.00 hourly rate charged by Mr. Kastner. However, the limited information contained in Mr. Kastner's statement, makes it impossible to determine the legitimacy of the hourly breakdown. Even Mr. Lambert recognized this difficulty and admits the likelihood that it may be insufficient evidence to support the claim filed.

5. Further, Mr. Lambert's motion for attorneys' fees, filed on January 7, 1985, referred only to the fees and costs incurred for the work accomplished prior to the filing of the appellate brief. The supplement filed on January 28, 1986, after the entry of the Court's October 11, 1985 Order, also referred to appellate fees and costs and, for the first time, referred to Kastner's fees and costs. It is to the inclusion of Kastner's fees and costs that Petitioner objects.

7. A review of the materials submitted to the undersigned fails to reveal any indication that the action of Petitioner, Department of Insurance and Treasurer was a gross abuse of the agency's discretion. No such abuse was found either by the hearing officer at the original hearing or by the Court on appellate review.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the parties and the subject matter of the proceedings.

171

The Opinion of the Court, remanding the matter to Division of Administrative Hearings for determination of the amount of attorneys' fees does not require a recommended order herein. The October 11, 1985 order f the court granted attorneys' fees to Respondent. All that remains is for the appropriate amount to be adjudicated and that is being done here. Since Petitioner does not contest either the propriety of award or amount claimed as to Mr. Lamberts' claim for posthearing appellate fees and costs, that is not in issue. All that remains is to determine if Mr. Kastner's fees and costs are to be reimbursed and if so, in what amount.

It is clear from the matters presented that these latter mentioned fees and costs are not subject to the Court's Order. First, the October 11, 1985, Order was based on the request contained in the Motion filed before that time which referred only to appellate fees and costs. It is not at all inconsistent to include therein *all* appellate fees and costs including those not specifically mentioned in the motion. It would not be appropriate to include preappeal fees not clearly claimed by the Respondent.

Second, evidence of the preappeal fees and costs, as submitted, is not capable of being properly evaluated and is too skimpy and uninformative to provide a basis for award.

Third, Respondent's original Motion was filed utilizing the authority for award found in Section 120.57(1)(b)9., Florida Statutes, and/or Rule 9.400, Rules of Appellate Procedure. The same court which awarded fees here, just a few short months previously, also applied the "gross" abuse test in *University Community Hospital v. Department of Health and Rehabilitative Services and Tampa General Hospital*, 2d DCA 1985, Opinion filed July 26, 1985. Since it has been found herein that the agency's action was not gross abuse of its discretion, the claim for preappeal fees must fail. It is, therefore,

ORDERED that

The Petitioner, Department of Insurance and Treasurer pay to the Respondent, John M. McCarthy, the sum of $5,948.04 as attorneys' fees and costs related to his appeal of the Final Order entered in this case.